1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                        DISTRICT OF OREGON

9                       PORTLAND DIVISION

10

11

12  EVAN JENSEN,                         No. 3:12-cv-00405-HU

13          Plaintiff,                     **FINDINGS AND**
                                           **RECOMMENDATION**
14      v.

15  OMNI CREDIT SERVICES OF
    FLORIDA, INC.,
16
            Defendant.
17  _____

18  HUBEL, Magistrate Judge:

19      Plaintiff Evan Jensen ("Plaintiff") moves for entry of default

20  judgment in the amount of $4,645 against Defendant Omni Credit

21  Services of Florida, Inc. ("Defendant") pursuant to Federal Rule of

22  Civil Procedure ("Rule") 55(b).  Plaintiff seeks statutory damages

23  stemming from Defendant's alleged violation of the Fair Debt

24  Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and

25  for attorney fees and costs.  For the reasons set forth below, the

26  court recommends granting Plaintiff's motion (Docket No. 10) for

27  default judgment.

28  ///

Page 1 - FINDINGS AND RECOMMENDATION

1                              **Background**

2       Plaintiff's complaint, filed on March 7, 2012, contains a

3  single cause of action for violation of the FDCPA based on

4  Defendant's attempts to collect a debt from Plaintiff.

5  Specifically, Plaintiff claims that Defendant caused his "telephone

6  to ring repeatedly or continuously with intent to harass, annoy or

7  abuse Plaintiff, including calling Plaintiff repeatedly about a

8  debt belonging to 'Patricia Burr.'" (Compl. ¶ 9.)  Although

9  Plaintiff informed Defendant that "his number d[id] not belong to

10 Patricia Burr," Defendant allegedly "ignored this information and

11 continued to harass Plaintiff with further calls" in violation of

12 15 U.S.C. § 1692d(5).  (Compl. ¶ 9.)

13      Charles Mathias, the clerk on duty in the office of

14 Defendant's registered agent, was served personally on March 9,

15 2012.  (Aff. Serv. at 1.)  Defendant failed to move or plead in

16 response to Plaintiff's complaint. *See* FED. R. CIV. P. 12(a)(1)(A).

17 As a result, Plaintiff filed a motion (Docket No. 7) for entry of

18 default on October 4, 2012, and the undersigned entered a default

19 order on October 24, 2012, (Docket 9).  The present motion for

20 default judgment followed soon thereafter.

21                              **Analysis**

22      Under Rule 55(b), the court may enter default judgment against

23 defendant who has failed to plead or otherwise defend an action.

24 The "court's decision whether to enter default judgment is a

25 discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th

26 Cir. 1980).  In exercising its discretion, the court may consider

27          (1) the possibility of prejudice to the plaintiff, (2)
           the merits of plaintiff's substantive claim, (3) the
28         sufficiency of the complaint, (4) the sum of money at

Page 2 - FINDINGS AND RECOMMENDATION

1 stake in the action; (5) the possibility of a dispute
2 concerning material facts; (6) whether the default was
  due to excusable neglect, and (7) the strong policy
3 underlying the Federal Rules of Civil Procedure favoring
  decisions on the merits.

4 *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  When
5 assessing the *Eitel* factors, "all factual allegations in the
6 complaint are taken as true, except those with regard to damages."
7 *Ortega v. Griggs & Assocs., LLC*, No. 5:11-cv-02235, 2012 WL
8 2913202, at *2 (N.D. Cal. July 13, 2012).

9    Here, the *Eitel* factors weigh in favor of entering default
10 judgment against Defendant.  First, Plaintiff would undoubtedly be
11 prejudiced if default judgment were not granted because Plaintiff
12 would otherwise be without a remedy against an allegedly abusive
13 debt collector.  Second, Plaintiff has adequately alleged a
14 violation of the FDCPA.  Section 1692d(5) explicitly prohibits debt
15 collects from "[c]ausing a telephone to ring or engaging any person
16 in telephone conversation repeatedly or continuously with intent to
17 annoy, abuse, or harass any person at the called number."  15
18 U.S.C. § 1692d(5).  Third, the sum of money at stake in this action
19 is relatively small.  Fourth, there is no indication that
20 Defendant's failure to respond was the result of excusable neglect.
21 Fifth and finally, in cases such as this one, "the policy behind
22 the FDCPA favors entry of default."  *Ortega*, 2012 WL 2913202, at
23 *4.

24    Rule 54(c) governs the scope of relief granted, which in the
25 case of a default judgment "must not differ in kind from, or exceed
26 in amount, what is demanded in the pleadings."  Fed. R. Civ. P.
27 54(c).  "To recover damages after securing a default judgment, a
28 plaintiff must prove the relief it seeks through testimony or

Page 3 - FINDINGS AND RECOMMENDATION

1  written affidavit." *Monroe v. Steinfeld*, No. C-11-2726, 2012 WL

2  1496204, at *3 (N.D. Cal. Mar. 22, 2012) (collecting cases).

3       Plaintiff seeks recovery totaling $4,645, consisting of (1)

4  statutory damages in the amount of $1,000; (2) attorney fees in the

5  amount of $3,255; and (3) $390 in costs for filing this suit.

6  Where, as here, a debt collector fails to comply with the FDCPA's

7  provisions, it is liable for statutory damages not to exceed

8  $1,000.  15 U.S.C. § 1692k(a)(2)(A).  The FDCPA also directs courts

9  to award reasonable attorney fees and costs to prevailing

10 consumers.  15 U.S.C. § 1692k(a)(3).  The attorney fees sought by

11 Plaintiff "in this matter consist of 11.1 hours of time billed by

12 attorney Joshua Trigsted at $250/hr. and 4 hours of paralegal Terri

13 Parrish at $120/hr., for a total of $3,255.00."  (Trigsted Decl.

14 Supp. Mot. Default at 2.)  In the court's view, the rate requested

15 and time expended by Plaintiff's counsel are reasonable.

16                              **Conclusion**

17      For the reasons state herein, Plaintiff's motion (Docket No.

18 10) for default judgment should be granted.  Plaintiff should be

19 awarded (1) statutory damages in the amount of $1,000; (2) attorney

20 fees totaling $3,255; and (3) costs amounting to $390.

21                          **Scheduling Order**

22      The Findings and Recommendation will be referred to a district

23 judge.  Objections, if any, are due **March 18, 2013**.  If no

24 objections are filed, then the Findings and Recommendation will go

25 under advisement on that date.  If objections are filed, then a

26 response is due **April 4, 2013**. When the response is due or filed,

27

28

Page 4 - FINDINGS AND RECOMMENDATION

whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 25th day of February, 2013.

/s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 5 - FINDINGS AND RECOMMENDATION